UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLY MITCHELL,                             Case No. 1:07-CV-455

        Plaintiff,                            Hon. Richard Alan Enslen

v.

1ST CREDIT OF AMERICA LLC,
                                            **DEFAULT JUDGMENT**

        Defendant.
_____/

        This matter is before the Court on Plaintiff Holly Mitchell's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff has filed references in support of her Motion, making further hearing unnecessary. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

        On May 7, 2007 Plaintiff served Defendant 1st Credit of America LLC a copy of her Complaint and Summons. Observing that Defendant failed to timely appear, plead, or otherwise defend, Plaintiff applied for default on June 6, 2007. The Clerk entered default the next day, which consequently established Defendant's liability for the well-pled allegations in Plaintiff's Complaint. FED. R. CIV. P. 8(d); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1994).

        Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b) provides in pertinent part that judgment by default may be entered as follows:

> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. . . .

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . .

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. The caselaw makes clear, however, that the Court is to exercise "sound judicial discretion" in determining whether a default judgment should be entered. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2685 (3rd ed. 1998) (citing cases).

Plaintiff's Complaint charged Defendant with liability stemming from violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff requests $1,000 in statutory damages. Plaintiff alleges that Defendant violated the FDCPA by using false representations and deceptive means to pursue Plaintiff for a debt that was not validated; placing telephone calls without meaningful disclosure of the caller's identity; engaging in conduct designed to harass, oppress or abuse Plaintiff; contacting Plaintiff at work after Plaintiff requested termination of this practice; threatening to take an action that was not intended to be taken; falsely representing the character, amount or legal status of any debt; threatening to communicate to any person credit information which is known or should be known to be false; using unfair or unconscionable means to collect or attempt to collect any debt; using obscene or profane language intending to abuse the hearer; and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. (Compl. ¶¶ 27–37; Aff. of Holly Mitchell 1-2.)

This Court accepts the factual allegations contained in Plaintiff's Affidavit. (*See* Aff. of Holly Mitchell 1-2.) *James*, 6 F.3d at 310 (permitting entry of judgment based on detailed affidavits

and documents). The Court finds that Plaintiff is entitled to $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

The Court notes that Plaintiff's Complaint contains an allegation that Defendant violated the Michigan Collection Practices Act. (*See* Compl. ¶¶ 39–49.) Because Plaintiff does not seek damages on this basis in her Motion for Default Judgment—only damages based on violations of FDCPA—the Court deems the request for damages on this claim waived. (*See* Mot. for Default J. ¶ 8.)

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Holly Mitchell's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) (Dkt. No. 7) is **GRANTED** in that Plaintiff is awarded $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant 1st Credit of America LLC as to all claims brought.

**IT IS FURTHER ORDERED** that the statutory damages award shall bear post-judgment interest pursuant to 28 U.S.C. § 1961(a) from the date of this Judgment until satisfied.

DATED in Kalamazoo, MI:
December 5, 2007

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE